[No. 19988.   Department Two.   August 17, 1926.]

The State of Washington, *Respondent*, v. Ed Fasick et al., *Appellants*.[1]

[1] Criminal Law (185)—Alibi—Evidence—Sufficiency.   In a prosecution of three, jointly, for robbery, the defense of alibi as to one of the accused is for the jury, where there was evidence that she was present at about the scene of the crime, engaged in hurried conversations with and assisting the other participants a few minutes before the crime was committed, although she was not immediately present when the crime was committed.

[2] Same (255)—Trial—Instructions—Comment on Evidence.   It is not unlawful comment upon the evidence of an alibi to instruct the jury as to the manner in which evidence of the alibi should be considered, "as should all of the evidence in the case."

[3] Same (317)—Trial—Instructions Requested—Manner of Giving.   Error cannot be assigned upon instructions given and refused when the court in its own language properly covered all of the features of the case.

[4] Witnesses (106)—Impeachment — Cross-Examination—Conviction of Crime.   It is not error to ask a witness for the defense, on cross-examination, as to whether he had been convicted of a crime or forfeited bail upon a charge of crime, where he answered "No" and that ended the inquiry.

[5] Criminal Law (183)—Identity of Accused—Evidence—Sufficiency.   It is not necessary to identify one accused of robbery with that degree of certainty one would an acquaintance.

Appeals from a judgment of the superior court for King county, Gilliam, J., entered March 2, 1925, upon a trial and conviction of robbery.   Affirmed.

[1]Reported in 248 Pac. 384.

*John J. Sullivan* and *John F. Dore,* for appellants Fasick.

*Henry Clay Agnew,* for appellant Dooley.

*Ewing D. Colvin* and *Harry A. Rhodes,* for respondent.

MITCHELL, J.—On August 8, 1924, between two and three o'clock p. m., employes of the Bon Marche, a mercantile establishment in Seattle, were robbed of $22,000 in money and checks. The robbery occurred on a street next to the mercantile establishment, just as the employes entered an automobile to take the money to a bank in the city for deposit. Ed Fasick, Esther Fasick and J. M. Dooley and others were charged with the crime. The three whose names have just been mentioned were tried together, convicted and sentenced. Ed Fasick and Esther Fasick jointly have appealed. J. M. Dooley has taken a separate appeal.

[1] In addition to a plea of not guilty each appellant interposed the special defense of an alibi. Assignment of error is presented on behalf of Esther Fasick that the court erroneously denied her motion for a directed verdict. But, notwithstanding evidence in her behalf to the contrary, there was ample evidence to show that she was present at and about the scene of the crime engaged in hurried conferences with and assisting other participants in their maneuvers and plans in and about the building during the few moments immediately before and until the employes came out with the money, although she was not immediately at the automobile when the messengers were robbed.

[2] Other assignments of error on behalf of Esther Fasick are the same as those on behalf of Ed Fasick, other than one peculiar to him, as follows: It is contended on behalf of both of them that, in the instruc-

tions to the jury, the court singled out the evidence tending to establish an alibi and spoke of it in such manner as to amount to a comment on it. That is, that the jury was told to view such evidence in a peculiar way. But, the instruction does not justify the contention. It shows that, upon advising the jury as to the manner in which evidence tending to establish an alibi should be considered, the court very immediately and in complete connection with it said, "As should all the evidence in the case."

[3] The matter of instructions given and requested instructions, in several other respects, is complained of. But, without setting them out it may be stated generally that they have been examined and compared, from which it is found, upon consideration of all the instructions given, that these assignments consist of criticisms of language employed in the instructions given instead of using language contained in the instructions requested and refused. It is a case of the trial judge using language of his own selection. The instructions given, considered altogether, cover the different features of the case and rights of the parties. They were in our opinion without error and were full and complete.

There was no error in the cross-examination of Ed Fasick with respect to the time and place of the commission of a crime for the conviction of which he had testified to on his direct examination. The motion for a new trial on behalf of Ed Fasick and Esther Fasick was properly denied.

Concerning the appeal of J. M. Dooley, assignments of error are based on two instructions given by the court to the jury and the refusal of the court to give one requested. All of them are among those referred to in this opinion discussing the appeal of Ed Fasick and Esther Fasick, and what was there said of them is in

all respects applicable here. There is no merit in the assignments.

[4] It is assigned that the court erred in allowing improper cross-examination of a witness called by the appellant. It related to an inquiry as to whether the witness had been convicted of a crime or forfeited bail upon a charge of crime against him in the police court of Seattle. The witness answered "No," and that ended the inquiry. This assignment is without merit.

[5] Further it is claimed that appellant was not sufficiently identified as one of the participants in the crime. While witnesses testifying upon this subject did not identify him with that degree of certainty that one usually would an acquaintance, yet the testimony was sufficient to take that question to the jury and to sustain their finding against him. Appellants' motion for a new trial was correctly denied.

There was satisfactory and sufficient evidence that all three of appellants were present and participated in the crime with which they were charged. They had a fair trial.

The judgment appealed from is in all respects affirmed.

TOLMAN, C. J., MACKINTOSH, PARKER, and ASKREN, JJ., concur.